Tayjlor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The laud in controversy is within the boundaries, both of the Plaintiff’s grant, and of the two grants of the Defendant. The latter, however, are younger grants, and the Defendant has been in possession, under them, for seven years. Á question is therefore presented, which rnay be considered settled by very many adjudications, and which it would be dangerous now to disturb, since it is familiar to the profession, and has become a rule of property under which many titles are held. A long train of decisions, with very few to the contrary, has fixed the principle, that where part of a tract is included in A’s deed or patent, and the same part is also included in B’s deed or patent, and each grantee is settled upon that part of the land comprised in his deed or patent, although not included in both deeds, the possession of the part included in both deeds, is in him whose deed or patent is the oldest: but if one of them, as in this case, is actually settled for seven years together upon the part comprehended in both deeds, the possession is his, and the other will be barred thereby. The entry made by the Plaintiff, was in 1815 $ but the suit was not brought till 1818 ; it cannot, therefore, interfere with the Defendant’s possession. The statute of 4 and 5 Anne, c. 16, was in force in England when the act of 1715 was passed here, which was in the 2nd George
 
 1;
 
 and the latter act enforces all statute laws made for the limitation of actions, and preventing vexatious law suits. And according to the statute of Anne, there must be an action -commenced within one year after the making such entry and claim, and prosecuted with effect, otherwise it is of no force to avoid the statute. There must be a new trial.